**IN THE UNITED STATES DISTRICT COURT FOR**
**THE SOUTHERN DISTRICT OF FLORIDA**
**MIAMI DIVISION**
**CASE NO.**

JOHN NORTHRUP, Individually and on behalf
of a Class of Similarly Situated Individuals,

    Plaintiff,

vs.

ROADSIDE TRANSPORTATION, LLC, and
THE ELITE CARRIER SERVICES OF MIAMI, LLC,

    Defendants.

_____/

## CLASS ACTION COMPLAINT

Plaintiff John Northrup, on behalf of himself and all others similarly situated, alleges and

avers as follows:

## INTRODUCTION

1.    Plaintiff brings this Class Action Complaint for damages, injunctive relief, and any

other available legal or equitable remedies, resulting from the illegal actions of Roadside

Transportation, LLC, and The Elite Carrier Services of Miami, LLC ("Defendants"), in

negligently, and/or willfully contacting Plaintiff through SMS or "text" messages on Plaintiff's

cellular telephone, in violation of the Telephone Consumer Protection Act, 47 U.S.C. § 227 *et seq*.,

("TCPA"), thereby invading Plaintiff's privacy. Plaintiff alleges as follows upon personal

knowledge as to his own acts and experiences, and, as to all other matters, upon information and

belief, including investigation conducted by his attorneys.

## PARTIES

2.      Plaintiff John Northrup is an individual who resides in Hillsborough County, Florida.

3.      Defendant Roadside Transportation, LLC., is a Florida limited liability company, with principal address at 2665 S. Bayshore Dr., Suite 220, Miami, Dade County, Florida 33133. It may be served through its registered agent for service, B & C Corporate Services, Inc., 2665 S. Bayshore Dr., Suite 220, Coconut Grove, Florida 33133. Its manager is Jason Cohen.

4.      Defendant, The Elite Carrier Services of Miami, LLC, is a Florida limited liability company, with principal address at 12060 NW S River Dr., Medley, Dade County, Florida 33178. It may be served through its registered agent for service, Pedro F. Lopez, 12060 NW S River Dr., Medley, Florida 33178. Its manager is Pedro Figueredo.

## JURISDICTION AND VENUE

5.      This Court has jurisdiction over this action and all the Defendants pursuant to 28 U.S.C. § 1331 in that this action arises under a United States federal statute, specifically the Telephone Consumer Protection Act, 47 U.S.C. § 227 *et seq*., ("TCPA"). The TCPA specifically authorizes this Court to exercise jurisdiction.

6.      Jurisdiction is also proper under 28 U.S.C. § 1332(d)(2) because Plaintiff seeks up to $1,500 in damages for each text message in violation of the TCPA, which, when aggregated among a proposed class number of more than five thousand, exceeds the $5,000,000 threshold for federal court jurisdiction. Further, Plaintiff allege a national class, which will result in at least one class member belonging to a different state than that of Defendants, providing jurisdiction under

28 U.S.C. Section 1332(d)(2)(A). Therefore, both elements of diversity jurisdiction under the Class Action Fairness Act of 2005 ("CAFA") are present, and this Court has jurisdiction.

7.     Venue is proper in this District pursuant to 28 U.S.C. § 1391(b)(1) and/or (b)(2) because a substantial part of the events or omissions giving rise to this claim occurred in this District, and because Defendants both reside in Florida and both reside in this District.

## **GENERAL ALLEGATIONS**

8.     Defendants made the deliberate decision to engage in bulk marketing by sending truckers like the Plaintiff, John Northrup, advertisements through Short Message Services. The term "Short Message Service" or "SMS" is a messaging system that allows cellular telephone subscribers to use their cellular telephones to send and receive short text messages.

9.     An "SMS message" is a text message directed to a wireless device through the use of the telephone number assigned to the device. For purposes of the Telephone Consumer Protection Act, 47 U.S.C. § 227 et seq., ("TCPA"), a text message is considered to be a call. *See Rules and Regulations Implementing the Telephone Consumer Protection Act of 1991*, CG Docket No. 02-278, Report and Order, 18 FCC Rcd 14014, 14115, ¶ 165 (2003) ("2003 TCPA Order").

10.     When an SMS or "text" message call is successfully made, the recipient's cell phone rings or otherwise notifies the recipient of the text message that a text message is being received.

11.     As cellular telephones are inherently mobile and are carried by their owners at all times, text messages are received by the called party virtually anywhere.

12.    Unlike standard advertising methods, bulk advertising by use of text messages cost recipients money, because cell phone users typically pay for the text messages they receive, either individually, or in bulk.

13.    Over the course of an extended period beginning no later than in 2015, Defendants and their agents directed the mass transmission of text messages to the cell phones of persons they hoped were potential customers of Defendants' services.

14.    On September 2, 2016, at 7:46 pm, Plaintiff received the following unsolicited SMS or "text" message to his wireless phone:

> RoadsideMASTERS.com   AAA for Truckers Membership includes 50 Mile Towing Truck&Trailer Tire Change+more. Today Only $399/year (reg: $499) Exp 10 pm 800-395-4908

15.    On July 29, 2016 at 10:36 am, Plaintiff received the following unsolicited SMS or "text" messages to his wireless phone, from the number, 786-830-0509:

> Dear Client The Elite reminds you that we are on taxes. We also can help with TAG APP, Road Taxes and More. 305-405-2600.

> Estimado Cliente The Elite le recuerda que estamos. Tambien hacemos Aplicaciones de Chapa Road Taxes y mas. 305-405-2600.

16.    Plaintiff responded to this text two minutes later, with a text stating: "Remove this number or hear from my lawyer. There are Federal laws concerning unauthorized contact. Check the Do Not Call lists."

17.    Despite this instruction, Plaintiff received another text, on August 25, 2016, at 9:19 am from this same phone number, stating:

> The Deadline to pay the Road Taxes without penalty will be August 31. The Elite can help you with any of your trucking need. For more information 305-405-2600.

4

18.     Plaintiff received another text, one minute later, from this same phone number, stating:

> El Ultimo Día para pagar los Road Taxes sin penalidad es Agosto 31. The Elite lo puede ayudar con cualquier necesidad en su Negocio. Info llame al 305-405-2600.

19.     Plaintiff provided no consent to receive these text messages, which were sent by Defendants in an effort to promote the sale of their services to truck drivers.

20.     Plaintiff continued receiving text messages despite responding with a demand to remove his number from Defendants' marketing lists.

21.     These unsolicited text messages placed to Plaintiff's cellular telephone were placed via an "automatic telephone dialing system," ("ATDS") as defined by 47 U.S.C. § 227 (a)(1).

22.     "The term 'unsolicited advertisement' means any material advertising the commercial availability or quality of any property, goods, or services which is transmitted to any person without that person's prior express invitation or permission, in writing or otherwise." 47 U.S.C. § 227 (a)(5).

23.     "The term 'telephone solicitation' means the initiation of a . . . message for the purpose of encouraging the purchase . . . of . . . services, which is transmitted to any person, but such term does not include a call or message (A) to any person with that person's prior express invitation or permission, (B) to any person with whom the caller has an established business relationship, or (C) by a tax exempt nonprofit organization." 47 U.S.C. § 227 (a)(4).

24.     The telephone numbers that the Defendants, or their agents, sent the text messages to were assigned to cellular telephone services pursuant to 47 U.S.C. § 227(b)(1)(A)(iii).

25.     These telephone text messages constituted "calls" under the TCPA that were not for emergency purposes as defined by 47 U.S.C. § 227 (b)(1)(A)(i) and applicable regulations which make clear that texts are included within the TCPA.

26.     Plaintiff did not provide Defendants or their agents prior express consent to receive unsolicited text messages pursuant to 47 U.S.C. § 227 (b)(1)(B).

27.     These text messages by Defendants or their agents therefore violated 47 U.S.C. § 227(b)(1).

28.     Plaintiff, John Northrup, has standing to bring these claims because Defendants' violation of the TCPA resulted in a concrete and particularized injury to him, in the form of invasion of privacy, unwanted and unauthorized text messages received by his cell phone, which caused wasted time addressing unwanted text messages, unwarranted distraction from his work activities (including driving large trucks, and loading and unloading products), aggravation and distress, unavailability of his cell phone when it was receiving unauthorized text messages, depletion of his cell phone's battery and the resulting cost to recharge the phone, and potential financial loss in the form of increased charges from his cell phone carrier.

## CLASS ACTION ALLEGATIONS

29.     Plaintiff brings this action on behalf of himself and on behalf of all others similarly situated ("the Class").

30.     Plaintiff represents, and is a member of the Class, consisting of: all persons within the United States who received an unsolicited SMS or text message from a Defendant, or an agent of a Defendant, on a paging service, cellular phone service, or other service for which they were charged for the SMS or text messages, through the use of any automatic telephone dialing system

6

as set forth in 47 U.S.C. Section 227(B)(1)(A)(3) or artificial or prerecorded voice, which SMS or text messages by a Defendant (or agent of a Defendant) was not made for emergency purposes or with the recipients' prior express consent, within the four years prior to the filing of this Complaint.

31.     Defendants and their employees or agents are excluded from the Class.

32.     Plaintiff does not know the number of members in the Class, but believes the Class members number in the thousands, if not more. Thus, this matter should be certified as a Class action to assist in the expeditious litigation of this matter.

33.     Plaintiff and members of the Class were harmed by the acts of Defendants in at least the particularized and concrete ways set forth in Paragraph 28 above.

34.     This suit seeks only statutory damages and injunctive relief on behalf of the Class, and it expressly is not intended to request any recovery for personal injury and claims related thereto.

35.     The joinder of the Class members is impractical and the disposition of their claims in the Class action will provide substantial benefits both to the parties and to the court.

36.     The Class can be identified through Defendants' records or Defendants' agents' records.

37.     There is a well-defined community of interest in the questions of law and fact involved affecting the parties to be represented.

38.     The questions of law and fact to the Class predominate over questions which may affect individual Class members, including the following:

7

a.      Whether, within the four years prior to the filing of this Complaint, Defendants or their agents placed cellular telephone SMS or text messages for purposes of soliciting new customers without the recipients' prior express consent;

b.      What systems and methodologies were used to collect the cell phone numbers, and send the text messages at issue in this case;

c.      Whether the systems used to place the cellular telephone SMS or text messages constituted automatic telephone dialing systems under the TCPA;

d.      Whether either Defendant's violation of the TCPA was willful or knowing, such that the award should be increased up to three times pursuant to 47 USC §227(b)(3)(c); and

e.      Whether Defendants and their agents should be enjoined from engaging in such conduct in the future.

39.     As a person who received at least one unsolicited telephone SMS or text message without his prior express consent, Plaintiff is asserting claims that are typical of the Class.

40.     Plaintiff will fairly and adequately represent and protect the interests of the Class in that Plaintiff has no interests antagonistic to any member of the Class.

41.     Plaintiff and the members of the Class have all suffered irreparable harm as a result of the Defendants' unlawful and wrongful conduct.

42.     Absent a class action, the Class will continue to face the potential for irreparable harm. In addition, these violations of law will be allowed to proceed without remedy and Defendants will likely continue such illegal conduct.

43.     Because of the size of the individual Class member's claims, few, if any, Class members could not afford to individually seek legal redress for the wrongs complained of herein.

44.     Plaintiff has retained counsel experienced in handling class action claims of this nature.

45.     A class action is a superior method for the fair and efficient adjudication of this controversy.

46.     Class-wide damages are essential to induce Defendants to comply with federal law.

47.     The interest of Class members in individually controlling the prosecution of separate claims against Defendants is small because the maximum statutory damages in an individual action for violation of the TCPA are minimal. Management of these claims is likely to present significantly fewer difficulties than those presented in many individual claims.

48.     Defendants have acted on grounds generally applicable to the Class, thereby making appropriate final injunctive relief and corresponding declaratory relief with respect to the Class as a whole.

49.     The members of the Class are capable of being readily ascertained from the information and records in the possession or control of Defendants.

50.     The Class members are so numerous that individual joinder of all members is impractical.

51.     Plaintiff's claims are typical of those of the Class and are based on the same legal and factual theories.

52.     Plaintiff and his counsel will fairly and adequately represent and protect the interests of the Class.  Plaintiff has been subject to the same unlawful acts as the rest of the Class members and is ready, willing and able to serve as a Class representative.  Moreover, Plaintiff's counsel are experienced in handling complex litigation, and have extensive class action experience

and a long track record of successful prosecution of class action cases. Neither Plaintiff nor his counsel has any interest that might cause them not to vigorously pursue this action.

53.     Certification of a Class under Fed. R. Civ. P. 23(b)(3) is appropriate in that Plaintiff and the Class members seek liquidated statutory monetary damages, common questions predominate over any individual questions, and a class action is superior for the fair and efficient adjudication of this controversy. A class action will cause an orderly and expeditious administration of the Class members' claims and economies of time, effort and expense will be fostered and uniformity of decisions will be ensured. Moreover, the individual Class members are unlikely to be aware of their rights and not in a position (either through experience or financially) to commence individual litigation against Defendants.

54.     Alternatively, certification of a class is appropriate under Fed. R. Civ. P. 23(b)(1), in that inconsistent or varying adjudications with respect to individual members of the Class would establish incompatible standards of conduct for Defendants or adjudications with respect to individual members of the Class as a practical matter would be dispositive of the interests of the other members not parties to the adjudications or would substantially impair or impede their ability to protect their interests.

55.     Alternatively, certification of a class is appropriate under Fed. R. Civ. P. 23(b)(2) because the parties opposing the Class have acted or refused to act on grounds generally applicable to the Class, thereby making final injunctive relief appropriate respecting the Class as a whole.

**FIRST CAUSE OF ACTION**
**NEGLIGENT VIOLATIONS OF THE**
**TELEPHONE CONSUMER PROTECTION ACT 47 U.S.C. § 227 ET SEQ**

56.     Plaintiff incorporates by reference all of the above paragraphs 1-55 of this Complaint as though fully stated herein.

57.     Each such text message call was made using equipment that, upon information and belief, had the capacity to store or produce telephone numbers to be called, using a random or sequential number generator, or a system that otherwise qualified as an automatic telephone dialing system under the TCPA. By using such equipment, Defendants were able to effectively send thousands of text messages simultaneously to lists of thousands of wireless phone numbers of consumers without human intervention. These text messages were sent without the prior express consent of the Plaintiff and the other members of the Class to receive such text messages.

58.     The foregoing acts and omissions of Defendants and their agents constitute numerous and multiple negligent violations of the TCPA, including but not limited to each and every one of the above-cited provisions of 47 U.S.C. § 227 *et seq*. As a result of Defendants', and Defendants' agents', negligent violations of 47 U.S.C. § 227 *et seq*., Plaintiff and the Class are entitled to an award of $500.00 each in statutory damages, for each and every violation, pursuant to 47 U.S.C. § 227(b)(3)(B). Plaintiff and the Class are also entitled to and seek injunctive relief prohibiting such conduct in the future.

WHEREFORE, Plaintiff respectfully requests the Court grant Plaintiff and the Class members the following relief against Defendants:

a.  As a result of Defendants,' and Defendants' agents,' negligent violations of 47 U.S.C. § 227(b)(1), Plaintiff seeks for himself and each Class member $500.00 in statutory damages, per violation, pursuant to 47 U.S.C. § 227(b)(3)(B).

b.  Pursuant to 47 U.S.C. § 227(b)(3)(A), Plaintiff seeks injunctive relief prohibiting such conduct in the future.

c.  As a result of Defendants,' and Defendants' agents,' willful and/or knowing violations of 47 U.S.C. § 227(b)(1), Plaintiff seeks for himself and each Class member increased damages, as provided by statute, up to $1,500.00 per violation, pursuant to 47 U.S.C. § 227(b)(3)(B) and 47 U.S.C. § 227(b)(3)(C).

d.  Pursuant to 47 U.S.C. § 227(b)(3)(A), injunctive relief prohibiting such conduct in the future.

e.  Any other relief the Court may deem just and proper.

**SECOND CAUSE OF ACTION**
**KNOWING AND/OR WILLFUL VIOLATIONS OF THE**
**TELEPHONE CONSUMER PROTECTION ACT 47 U.S.C. § 227 ET SEQ.**

59.     Plaintiff incorporates by reference all of the above paragraphs 1-55 of this Complaint as though fully stated herein.

60.     Upon information and belief, Defendants violations of the TCPA were willful and/or knowing. Accordingly, Plaintiff and the Class are entitled to have their awards increased to an amount not more than three times the $500 liquidated damages amount, or $1,500.00 per violation, pursuant to 47 U.S.C. § 227(b)(3)(B and C).

WHEREFORE, Plaintiff respectfully requests the Court grant Plaintiff and the Class members the following relief against Defendants: As a result of Defendants', and Defendants' agents', willful violations of 47 U.S.C. § 227(b)(1), Plaintiff seeks for himself and each Class member $1,500.00 in statutory damages, per violation, pursuant to 47 U.S.C. § 227(b)(3)(B).

a. Pursuant to 47 U.S.C. § 227(b)(3)(A), Plaintiff seeks injunctive relief prohibiting such conduct in the future.

b. As a result of Defendants,' and Defendants' agents,' willful and/or knowing violations of 47 U.S.C. § 227(b)(1), Plaintiff seeks for himself and each Class member increased damages, as provided by statute, up to $1,500.00 per violation, pursuant to 47 U.S.C. § 227(b)(3)(B) and 47 U.S.C. § 227(b)(3)(C).

c. Pursuant to 47 U.S.C. § 227(b)(3)(A), injunctive relief prohibiting such conduct in the future.

d. Any other relief the Court may deem just and proper.

## JURY DEMAND

Plaintiff hereby demands a trial by jury on all issues so triable.

Dated:  October 5, 2016                    Respectfully submitted,

*/s/ Seth M. Lehrman*
Seth M. Lehrman (Fla. Bar No. 132896)
E-mail: seth@pathtojsutice.com
FARMER, JAFFE, WEISSING,
EDWARDS FISTOS & LEHRMAN, P.L.
425 North Andrews Avenue, Suite 2
Fort Lauderdale, FL 33301
Telephone: (954) 524-2820
Facsimile: (954) 524-2822

Cory S. Fein (*Pro Hac Vice to be filed*)
E-mail: cory@coryfeinlaw.com
CORY FEIN LAW FIRM
712 Main St., #800
Houston, TX  77002
Telephone:  (281) 254-7717
Facsimile:  (530) 748-0601

*Attorneys for Plaintiff*